IN THE
UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION
MARCH 2009 SESSION

CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

MAR 19 2009

JOHN F CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. <u>6:08CR34</u> |
| v. | |
| DAVID EISENLOHR | Title 18, U.S.C., Section 2252(a)(1); <br> Title 18, U.S.C., Section 2251(d)(1)(A) |

# SECOND SUPERSEDING INDICTMENT

The Grand Jury charges that:

### Count One

1. On or about October 26, 2006, in the Western District of Virginia, the defendant, DAVID EISENLOHR, as a principal and an aider and abettor, did knowingly transport and ship in interstate commerce by any means, any visual depiction, the production of which involved the use of a minor engaging in sexually explicit conduct and which visual depiction was of such conduct.

2. All in violation of Title 18, United States Code, Sections 2252(a)(1) and 2.

### Count Two

1. On or about November 9, 2006, in the Western District of Virginia, the defendant, DAVID EISENLOHR, as a principal and an aider and abettor, did knowingly transport and ship in interstate commerce by any means, any visual depiction, the production of which involved the use of a minor engaging in sexually explicit conduct and which visual depiction was of such conduct.

2. All in violation of Title 18, United States Code, Sections 2252(a)(1) and 2.

### Count Three

1. On or about September 25, 2006, in the Western District of Virginia, the defendant, DAVID EISENLOHR, as a principal and an aider and abettor, did knowingly make, print, and publish and cause to be made, printed and published, a notice and advertisement seeking and offering to distribute and reproduce any visual depiction, the production of which involved the use of a minor engaging in sexually explicit conduct and such visual depiction is of such conduct, and the defendant knew and had reason to know that such notice and advertisement would be transported across state lines by any means including by computer and such notice and advertisement was actually transported across state lines by any means including by computer.

2. All is violation of 18 United States Code, Sections 2251(d)(1)(A) and 2.

## NOTICE OF FORFEITURE

1. Upon conviction of one or more of the felony offenses alleged in this Indictment, the defendant shall forfeit to the United States of America:

> (a) any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252, 2252A, 2252B or 2260, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of law, pursuant to 18 U.S.C. § 2253(a)(1).
>
> (b) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from said violation of law, pursuant to 18 U.S.C. § 2253(a)(2).
>
> (c) any property, real or personal used or intended to be used to commit or to promote the commission of said violation of law, or any property traceable to such property, pursuant to 18 U.S.C. § 2253(a)(3).

2. The property to be forfeited to the United States includes but is not limited to the following property:

> **(a)    Money Judgment**
>
> Not less than $30,000 in United States currency and all interest and proceeds traceable thereto, in that such sum in aggregate was obtained directly or indirectly as a result of said offenses or is traceable to such property.
>
> **(b)    United States Currency and/or financial account(s)**
>
> (1) Certain funds maintained at Bank of America in the name of Defendant, Account No. 0338, in the approximate sum of $277.42;
>
> (2) Certain funds maintained at Bank of America in the name of Defendant, Account No. 3831 in the approximate sum of $29,891.30.
>
> **(c)    Computers and accessories**
>
> (1) Personal Computer, "Colorado", 120 MB, white, unknown serial/model Nos.;

(2) Personal Computer, "Elite Group", Model No. GQ6074, Serial No. 95079W13000Q42001636;

(3) Personal Computer, "Elite Group", Model No. GQ6070, Serial No. 95079W13001Q42400215;

(4) Personal Computer, "Dell Precision 410", Model MMP, Serial No. 5V3U2;

(5) Personal Computer, black tower, unknown serial/model Nos;

(6) Personal Computer, tan tower, unknown serial/model Nos.;

(7) Personal Computer, "Dell Dimension 8400", Model No. 8400, Serial No. 53BL7R61;

(8) Personal Computer, tan tower, unknown serial/model Nos.;

(9) Personal Computer, Silver tower, unknown serial/model Nos.

**(d)** **Business/Corporate Interest(s)**

(1) Any and all interest(s) held or owned by defendant in the following entities:

    (A) Insider Video Club (IVC);
    (B) Insider Video and Book (IVB);
    (C) Award Films, Inc.

**(e)** **Visual depictions**

    All such material containing the visual depictions described above in paragraph 1(a).

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;
    (b) has been transferred or sold to, or deposited with a third person;
    (c) has been placed beyond the jurisdiction of the Court;
    (d) has been substantially diminished in value; or
    (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. § Section 853(p).

A TRUE BILL, this 19th day of March, 2009.

_Gerald D. Griffin_
FOREPERSON

_[signature] for_
JULIA C. DUDLEY
UNITED STATES ATTORNEY